FORET, Judge.
Plaintiff-appellant, Ernest Wayne Hoff-pauir, and intervenor-appellant, Transportation Insurance Company, appeal from the trial court’s judgment which dismissed their claims against defendant-appellee, Duke Transportation, Inc. (Duke). We agree with the judgment of the trial court and thus, we affirm.
Hoffpauir was injured on or about October 4, 1983, while employed by Glasscock Drilling Company (Glasscock). At the time of the injury, Hoffpauir was involved in “rigging up” an oilfield rig at a new location. His employer, Glasscock, had contracted with Duke to move a rig to a new location and rig it up at this location. Hoffpauir was injured when he remained on a motor shed roof while an adjoining motor shed was being lifted and jostled by Duke’s crane operator in an attempt to force the two motor sheds to properly overlap. While maneuvering the roof, the tension on the crane cable became too tight and broke a padeye weld. The padeye and/or cable struck Hoffpauir on the knee, causing the injuries complained of herein.
Intervenor-appellant, Transportation Insurance Company, (Glasscock’s worker’s compensation insurer) intervened in this suit for reimbursement of medical benefits and workers’ compensation benefits paid to Hoffpauir on behalf of Glasscock Drilling.
By this action, Hoffpauir contends that Duke was negligent and therefore liable to him in tort. The trial court found that Duke’s supervisor and crane operator owed no duty to Glasscock’s employees insofar as the entire operation was under the supervision of Glasscock’s tool pusher, John *86 Deshotels. The trial court, in its reasons for ruling, stated as follows:
“In this case plaintiff urges two reasons why Duke Transportation, Inc. was guilty of negligence which was a cause of the accident in question. These are:
(a) the failure of its truck pusher, Lennis Ardoin, to supervise the operation which caused plaintiffs injury; and
(b) the negligence of its crane operator, Donald LeBlanc, in performing what he knew to be a dangerous operation.
“The evidence shows that the person in over-all control of the entire operation was the plaintiffs employer’s tool pusher, John Deshotels.... [H]e was directly in charge of the operation which injured the plaintiff. There was no need for the truck pusher [Lennis Ardoin] to be present and take over the direction of this operation from Des-hotels. Deshotels was his superior in this work. [Ardoin] owed no duty to Deshotels’ employees to intervene in Deshotels’ handling of this operation. His failure to supervise and intervene breached no duty which he owed to plaintiff and constituted no negligence.
“As to Donald LeBlanc [the crane operator], he knew that the tension applied to the crane by the operation being conducted was exceeding safe limits. His duty was to warn the supervisor (Deshotels) of this fact. He did so. He was under no duty to refuse to obey the orders of the tool pusher, indeed, it is doubtful that he had the right or power to do so, short of resigning or being fired. He fulfilled his duty when he advised the tool pusher of the mounting tension on the crane and cable. His continuing the operation when ordered to do so by Deshotels who was his superior on this job, does not constitute negligence.
“The entire negligence, and hence, fault, for the accident in question rests with plaintiff’s employer who created the dangerous condition and then negligently directed the dangerous operation to proceed and continue.”
The trial court correctly found that Hoff-pauir’s employer, Glasscock, was solely at fault in causing the accident. Glasscock’s tool pusher, Deshotels, was responsible for Hoffpauir’s safety and was negligent in allowing Hoffpauir to remain on the motor shed after being warned by Duke’s crane operator that the equipment was in a bind. Alternatively, Deshotels should have tried means, other than force, to align the motor sheds if Hoffpauir was to remain in such dangerously close proximity to the equipment.
This case is distinguishable from Leblanc v. Roy Young, Inc., 308 So.2d 443 (La.App. 3 Cir.1975), writ denied, 313 So.2d 240 (La.1975), wherein the crane operator’s negligence was found to be a contributing factor in causing the accident. In Leblanc, the majority of the testimony presented indicated that the crane operator had the final word as to the operation of the crane and was in complete control of how the job was to be done. Conversely, in this case, the evidence showed, and the trial court correctly found, that Glasscock’s tool pusher, Deshotels, was in complete control of the operation.
We note that although Deshotels was at trial, he did not testify. Insofar as appellants have not established any duty or negligence on the part of Duke or its employees toward Hoffpauir, we find no error in the trial court’s dismissal of their claims.
Costs of this appeal are to be divided equally between appellants herein, Ernest Wayne Hoffpauir and Transportation Insurance Company.
AFFIRMED.
DOMENGEAUX, C.J., dissents and assigns reasons.